*209 OPINION of the Court, by
Judge Logan.
The appellee exhibited his bill to recover a residuary interest under the will of John Hutchenson the elder. He claims as heir at law to William Hutchenson his brother ; and the appellant derives title under a purchase from the father of William, who was one of the executors óf John Hutchenson the testator, upon the following case :
In the year 1774, John Hutchenson devised to his wife for life all his estate, and after her death oyer to his nephews Robert, Charles, and William Hutchenson. William died intestate during the life of the widow, in the year 1784, leaving the appellee his eldest brother #&nd heir at law.
And the appellant having purchased the interest of the legatees Robert and Charles, obtained possession of the slaves devised in the life of the testator’s widow ; and in the year 1799, after the death of the widow, purChased from the father of William Hutchenson all his fight, title and claim derived under the devise to his son William.
la virtue of this purchase, and the appellant’s length óf possession, he sets up claim to the slaves in contest. In the year 1800 he removed to this state, and settled in the neighborhood of the appellee and his father, who had resided in the country since the year 1788. And *210 jt was not until the year 180--, and after the death of John Hutchenson the father,' that the appellee, his son, commenced this suit; in which he obtained a decree for one third of the value of two slaves decreed to be sold as indivisible according to that proportion, together with damages for his share of their hireage since the death of the widow. From which decree Coleman has appealed this court. V
fioo of one te. nant in common is the pof-feffion o: the
partition and an account, on be half of one te tenant. A court of chancery ⅜13® thdictlon with the -court of law. to compel _^ nantmcommon agamft cae <o.
Slaves cannot be fold where a divi-llón cannot be made, but by allotting the [twice to one tora day, ora week, and to the other for a
The account m behalf of one tenant in com - mon againft the cotenantforpet. sion of pro-the ftatute of limitations — & the court in the decree mould not go back for a greater period kan five years.
. . . .... . - 1 he first point we shall notice in the investigation ot this cause, is the effect of the purchase from the father, one 0f tfig executors of the testator : for it cannot be controverted that the brother, and not the father, was the heir at law under the laws of Virginia in the year - *QA
The doctrine is too well settled to be now questioned; that a bona fide(a) purchase from an executor of a slave, vvhich his power as executor continues, is conclu- . , , .1 , . 1 sive heirs and legatees.
But this principle cannot be extended to protect sales made in the private right, and not in the fiduciary character of the seller. The sale in the present instance was obviously of a supposed right in the seller as heir at law to his son, and not as au executor. The writi-ng ’ . .. . between the parties purports to be a mere rehnquishment of the right, title and claim of the vendor in the pr0pe,lv devised to his son. Whereas, if it had been a sale by him as executor⅝ it is presumable that it wouid have purported to be a transfer of property belonging to the estate of the testator, and not merely of the right of , . . 5 . . . J ° a legatee or one claiming uuder him.
Besides, in this case, long and uninterrupted posses- • £ t^e sjaves devised, is satisfactory to prove the consent of the executors to the payment ol the legacy ; and therefose their power over the slaves, thus given up ¡n satisfaction of the legacy, ceased.
. It was urged in opposition to the appellee s right ot recovery, that the legacy to William Hutchenson never tmt lapsed upon his death in the life of the widow ; and that, therefore, the estate did not descend to his heir at law. The law, however, is clear, that the legacy vested upon the death of the testator, though subject to the life estate of the widow — See Bac. Abr. 394.5, title Legacy.
*211 The appellee, then, having shewn an interest in the property in contest, it remains in the next place to in¡quire whether the law has given a remedy for its recovery ? •
The legatees under the will of John Hutchenson held as tenants in common ; and when Coleman, the appellant, became vested with the interest of two of them, he held in that proportion in common with the third or his legal representative.
Tenants in common were not .compellable by the common law to make partition : each was interested according to his share ⅛ every part of the entire thing. And by the rules of equity, the same doctrine prevailed: for equitas sequitur legem. Equity does not intermed-dle with and control the maxims of law : it subserves the purposes of law, by giving relief in certain cases where the law has created the right.
But by an act of the legislature of Virginia, passed in 1705, (see the old body of the Virginia laws, page 23) it is provided that “ where the nature of the case shall require it, any writ de partitions faciendo, or of dower, may be sued forth and prosecuted to recover the right and possession of any such slave or slaves/’ ’
And by an act of 1784, same book 166, actions of account may be brought and “ maintained by one joint tenant, or tenant in common, against the other as his bailiff, for receiving more than comes to his just share or proportion.
It is believed that both these acts are still in force. The former gives the right of partition by the writ de partitione faciendo; and the latter the right to recover by an action of account the just share or proportion of the profits,
In both these modes of recovery, courts of equity have long exercised concurrent jurisdiction with courts of law — 1 Fonb. 15 to 18, and the authorities there cited. Butin the exercise of this jurisdiction equity must so mould her decrees as to effect the same end, and advance and secure the right which had been created by law. The manner of doing this, is peculiar to the power of courts of equity j but the thing to be effected,.is the right given bylaw.
In the present case, then, the right of partition, and to recover the just proportion of the hireage, having *212 been given by law, by the writ de partitions faciendo.^ and the action of account; in either of which modes of recovery courts pf equity have long exercised concurrent jurisdiction with courts of lav/; the court, therefore, has properly taken jurisdiction of the ease, if not barred by the statute of limitations. This leads us to an examination of the question, whether the statute of limitations will bar the appellee’s right of recovery ?
As by the common law tenants in common were not compellable to make partition, so by the statute they are not restricted to any time to commence their action for partition. They may continue to hold as tenants in common until it is the will of either to produce a severance. In legal estimation, the possession of one, is the possession of the other tenants in common. And the statute of limi tations runs only against an adverse possession of the entire and undivided property, and not against a right existing in trust with the possession. Hence it follows that the statute does not run in favor of one, against another tenant in common. If, however, there has been an actual ouster and adverse holding, the statute of limitations will run from the time of such ouster and adverse possession.
Here the inquiry would arise, whether in this case there was such an ouster and adverse holding as to justify the running of the statute of limitations, but for the Statute which gives the right of partition ? By this statute the remedy is given to recover the right and possession of any such slave. The expression is general, and seems as applicable to cases where there has been un actual ouster and adverse holding, as to any other case. And the time of doing it, as was before observed, is unlimited by the statute.
By the principles of the common law, it is believed that the appellee could not have recovered against the appellant, because of the cotenancy existing between them in legal contemplation : for if he had sued either at law or in equity for a . partition, the appellant might have defeated the action, on the ground of their holding as-tenants in common, even at the time this suit ■was brought; although, on the other hand, an adverse, possession is now relied on to justify the running of the statute in fear of the appellee’s right to recover.
*213 Bat without dwelling farther on this branch of the subject, it seems sufficient to observe, that while the parties held as tenants in common, the statute authorised a recovery by One against the other, without limitation as to the time of suing. And since there has been no change either in law or in the situation of the parties, except that produced by the party himself, through his purchase, • without the consent, or perhaps even the knowledge of his cotenant, certainly the course of the law is not diverted to the overthrow of an existing right, for the recovery of which a remedy had been provided without restriction or limitation as to time.
We shall now proceed to consider, whether the decree as rendered in this cause, is correct ?
Some doubt has been entertained, whether a court of chancery, having jurisdiction and possession of the case, might not, consistent with its character and its duty, pronounce such decree between the parties as would seem most to conduce to the interest of both, and the quiet and good order of society. This it was confidently believed would be most likely secured by such decree as was given by the court below in the sale of the two slaves, they being indivisible according to the rights and interests of the parties.
But on a fariher examination of the subject, we, are all of opinion that the decree must be reversed on this ground. We have been able to find no case where a sale pf the property has been adjudged(a) or decreed under the doctrine ot partitions, at law or m equity.
It is by statute that the right of partition in this case is given. The statute prescribes the extent of the partition by the remedy it affords. This may be effected either by a court of equity or a court of law ; but the result in both courts must conform to the law. Now the extent of partitions by the-writ de partitione facien-do., is known in law not to oust or deprive a party of his entire interest in the property itself, as might be the case by the sale of it; but to effect a just division of it, or of the profits when the thing itself cannot be divided.
-By the statute 31 Henry VIII. joint tenants and tenants in common might be compelled to make partition of lands, &c. by writ of de partitione facienda, in like manner and form as coparceners by the common law were.
*214 uy {.|ie common lav/ parceners might be compelled to ttla^ce partition between them by the writ de partiliowe facicnda. And with regard to the manner of making partition, it is laid down that if the thing be indivisible, that one may have it for a day, a vv»c?i, Ac. and the other another day or week, See. — See Co. Litt. 164-5, Bac. Abr- In those authorities it is said that “ if a villein descend to two coparceners, this is an entire inheritance and albeit the. villein himself cannot be divided, yet the profit of him may be divided : one co-parcener mav have the service one day, one week, &c. and the other another day or week, &c. And for the same reason a woman shall be endowed of a villein.”— Co. Litt. 31 a. And so‘it is with respect to absolute or real estate — Co. Litt. 165.
Whatever may be the consequence resulting from an alternate holding between tenants in common of such slaves as cannot be divided, it is the effect of the law, the legislature not having vested the courts with the power to decree a sale of the slaves. The court below should, therefore, have decreed to each party the possession of the two slaves from time to time, according to their respective proportions.
' But it is also the opinion of this court that the court below ought to have decreed in damages for the hireage and use of the two slaves, only for five years next preceding the commencement of the complainant’s suit, and not from the death of the widow, which happened many rears-before that period ; because the statute of limitations in.actions of account apples in bar of an earlier recovery.
Wherefore it is decreed and ordered that the decree of the circuit court be reversed and set aside ; that the cause be remanded to said court, that a decree may be entered agreeable to the foregoing opinion, and such other orders and decrees made therein as shall seem necessary and agreeable to equity, &c.

 Stamps Beaty, Hard 37, 340.

 Vide Jackson vs. Macey, Hard. 582.