# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

25  21
92  619

25  21
109  132

### YEARNSHAW'S APPEAL.

*Interpretation of will — Conditional bequest.*

1. A will, after certain absolute devises and bequests, proceeds: "And whereas I have entered into a contract to sell or lease a certain portion of my mineral lands to J. C. for a certain price, which is stipulated in a written agreement between J. C. and myself, now, if the said sale is consummated, I hereby make the following bequests." Here follow bequests to X. and Y. The sale to J. C. was never consummated; but, from other causes, the testator's estate largely increased in value after his death, so as to leave a large surplus after paying all debts, bequests and legacies. *Held*, that upon these facts alone the court could not hold the conditional bequests to X. and Y. ever to have vested.

2. The will contained a further clause as follows: "And lastly, if the contract between J. C. and myself should be consummated, it is my opinion there will be a surplus after paying my debts and the bequests hereinbefore made; if so, I desire that the same be divided between my legatees, in the same ratio that I have already given them." *Held*, 1. That the condition herein defined is simply that there shall be a surplus, and not that it shall arise in the manner suggested. 2. That taking this clause with that just mentioned, *the intention* of the testator must be held to have been, that X. and Y. should take, in case of such a surplus; and the court should give effect to that intention.

APPEAL from the Circuit Court for *Grant* County.

Upon a settlement of the accounts of the executor of the estate of Charles McCoy, deceased, it appeared that, after payment of the debts of the estate, and of all specific legacies mentioned in the will except certain conditional legacies of $500 each to Charles Dudley and C. McCoy Clark, there was a balance of $1,895, to be distributed *pro rata* among the several legatees, as directed by the will. The provisions of the will, so far as they are important here, will be found recited in the opinion *infra*. The county court held that the condition on which said two specific legacies were to vest had never occurred, and that they had never vested, but that said Dudley and Clark were entitled to a share of said surplus in the same ratio as if those specific legacies to them had vested; and it made an order of distribution accordingly. From this order *Rebecca Yearnshaw*, formerly *Rebecca McCoy*, widow of the deceased, appealed to the circuit court, claiming that the will had not disposed of said surplus, and that, inasmuch as the deceased left no issue or father, she, as widow, was entitled, under the statute, to the whole thereof. That court found that said Dudley and Clark were "each entitled to have paid to them respectively the sum of $500, specific legacies to them named in said will;" and that the surplus which would then remain should be divided *pro rata* among all the legatees, inclusive of said Dudley and Clark. From a judgment rendered pursuant to this finding, *Rebecca Yearnshaw* appealed. No bill of exceptions was made upon the appeal.

*Paine & Carter*, for appellant, argued, 1. That the condition precedent on which the legacies to Dudley and Clark were contingent having never occurred, they never vested. 2 Redfield on Wills, 661, 663, §§ 8, 9, and 685, § 47; *Taylor v. Wendell*, 4 Bradf. 324. These legacies, if they ever vested, were specific; they were therefore payable out of the precise fund on which they were

charged; and, that failing, they were adeemed. 2 Redf. 472. 2. That these legacies never having vested, Dudley and Clark were not legatees under the will, and were not entitled to any share in the surplus. 3. That there was no surplus arising in the manner mentioned in the will, and therefore none to which the provision there made for *pro rata* distribution to legatees would apply; and that, consequently, as to the surplus which was actually found to exist, the estate was intestate, and it must be distributed in the manner prescribed by the statute. 4. That no appeal had been taken to the circuit court from that part of the decision of the county court which adjudged that the legacies to Dudley and Clark had never vested; and therefore the circuit court erred in reviewing the decision of the county court on that question.

*M. M. Cothren*, for respondent, contended that the *intention* of the testator, to be gathered from the whole will, must govern (2 Kinne's Law Comp. 500, 720; *Finley v. King*, 3 Pet. 346; 4 Kent's Com. 534; *Cook v. Holmes*, 11 Mass. 528; *Jarnagin v. Conway*, 2 Humph. 50); and that upon the whole will in this case there could be no doubt that the judgment of the circuit court was right. 2. There being no bill of exceptions, the cause must be disposed of upon the record precisely as the probate court should have disposed of it.

PAINE, J. The question presented by this appeal is a novel and peculiar one, and not altogether free from difficulty. It relates to the construction of a will, and of course falls readily within the familiar rule that the intention of the testator is the thing to be sought, and that, when found satisfactorily evinced by the instrument as a whole, it is to govern, notwithstanding any technical or literal meaning of particular clauses to the contrary. Such difficulty as exists here is in determining satisfactorily what was the real intention of the testator.

After making certain specific devises and bequests the will proceeds as follows: "And, whereas, I have entered into a contract to sell or lease a certain portion of my mineral lands to Jefferson Crawford for a certain price which is stipulated in a written agreement between said Crawford and myself, *now, if the said sale is consummated,* I hereby make the following bequests: I give and bequeath to Charles Dudley, son of William E. and Eliza V. Dudley, the sum of five hundred dollars; I give and bequeath to C. McCoy Clark, son of Russell and Philena Clark, the sum of five hundred dollars."

It is a conceded fact in the case, that the contract referred to in this clause, between the testator and Jefferson Crawford, was never consummated. But it is also conceded, that, in consequence of the discovery of valuable mineral on the testator's lands after his death, his estate had largely increased in value, so as to leave a large surplus after paying all the bequests and legacies, including those above specified. Upon these facts, one of the questions in the case is, whether the two legacies above mentioned ever vested at all. If it was to be determined solely upon the language already quoted, it would be difficult to say that they ever vested. That, as urged by the appellant's counsel, clearly makes the consummation of the contract with Crawford a condition precedent to the vesting of these legacies. If there were nothing further bearing upon the question of intention, for the court to say that they should be paid, although that contract was never consummated, might perhaps justly be characterized as making a will for the testator which he had never made for himself.

But there is a clause immediately following that already quoted, which, I think, sufficiently shows that the testator's intention was to make these legacies contingent, not necessarily upon the fact of there being a surplus arising in the particular manner suggested in the will, but upon the fact of there being a sur-

plus at all beyond what was necessary to pay the previous bequests and legacies. That clause is as follows: "And, lastly, if the contract entered into between Crawford and myself should be consummated according to the conditions thereof, it is my opinion there will be a surplus after paying my debts and the bequests hereinbefore made; *if so*, I desire that the same be divided between my legatees in the same ratio that I have already given them." It is true, the testator still suggests in this clause the consummation of the Crawford contract as the only source from which he anticipated any such increase to his estate as might leave a surplus after the payment of all the legacies and debts. But this language does not make the disposition of the surplus contingent upon its having arisen in that particular manner. He states the ground of his opinion, that there might be a surplus. He then says, "*if so*, I desire," etc. What is the meaning of the words "if so?" They mean no more than this: "if there is a surplus." They neither necessarily nor naturally make the previous fact, stated as the ground of the testator's opinion that there might be a surplus, a part of the contingency upon which the operation of the clause disposing of the surplus was to depend. Inasmuch as the consummation of that contract was the only source from which he anticipated any increase to his estate, it was natural enough for him to refer to it as such. But it would have been unnatural and improbable that he should make a provision disposing of a surplus contingent upon its having arisen in any particular manner. The substance and essence of the condition was, that there should be a surplus. And to make the operation of the will depend upon that surplus having arisen in the special manner anticipated by the testator, would be to defeat instead of executing his evident intention. But if this is the correct construction of the clause disposing of the surplus, then it affects very

materially the construction of the prior clause giving the contingent legacies. For where the last clause speaks of "a surplus after paying my debts, and the bequests hereinbefore made," it evidently includes the two lega-. cies which were previously made dependent literally upon the consummation of the Crawford contract. This the counsel for the appellant concedes. And he then argues that the explicit language of the prior clause should restrict the more general language of the latter, and make the operation of the clause disposing of the surplus dependent also absolutely upon the fact of its having arisen from the consummation of the Crawford contract.

But it seems a more reasonable construction, and one more in accordance with the evident intentions of the testator, to say that the more general language of the latter clause modifies the former. It seems to reveal with sufficient clearness that the real condition, in the thought of the testator, not only in disposing of the surplus, but in giving the contingent legacies, was that there should be a surplus beyond what was necessary to pay his debts and the previous absolute legacies. The only source from which he then anticipated such a surplus was the consummation of that contract. And therefore he used the phrase "if that contract is consummated," as precisely equivalent to the phrase "if there is a surplus of my estate after payment of the debts and legacies already given." The latter clause shows, that, in his mind, the one phrase was equivalent to the other.

The counsel for the appellant argues very truly that it was clearly the design of the will to place these legacies upon a different footing from the others. And he then says, that if the only contingency upon which they depended was that there should be something to pay them with, then they were on no different footing, because all the legacies were dependent upon that. But this is hardly so. The other legacies were absolute. If there

should not happen to be enough estate to pay them, they would abate proportionally. But they would all be entitled to be paid in full before these contingent legatees would be entitled to any thing. This certainly placed them on a different footing, giving the absolute legacies a priority over the contingent ones.

On the whole, we are of the opinion that the circuit court has arrived at a correct result.

There was no bill of exceptions in the case, and, as some of the material facts appear only by stipulation in the circuit court, which is strictly no part of the record, they could not have been considered here except by the consent of the counsel. As that consent was given on the argument, we have passed upon the case upon the papers as they appear in the return.

*By the Court.*—The judgment is affirmed, with costs.