ROBERT BOWMAN, Executor and Trustee, plaintiff in error, vs. JESSE L. LONG, defendant in error.

"I give and bequeath to my grand-son William Henry Long, only surviving child of my late daughter, Lucy Long, the property that I gave to Lucy A. Long and her children in my will, should he live to be twenty-one years of age; but should my said grand-son die before he arrives at twenty-one years of age, the said property I give to my other lawful heirs, &c. And I appoint Robert Bowman trustee for my grand-son, the said "Wm. Henry Long," &c.

*Held*, That the legacy vested at the death of the testator, subject to be divested, should Wm. Henry Long die before attaining the age of twenty-one years.

In Equity from Bibb County. Decision on demurrer by Judge POWERS, May Term, 1857.

Jesse L. Long filed this bill against Robert Bowman as executor of the last will and testament of John Bowman, deceased.

Bowman Ex'or. and Trustee vs. Long,

The bill alleges that John Bowman departed this life possessed of a large estate, and leaving his last will and testament, of which Robert Bowman and John M. Bowman were appointed executors, but that Robert Bowman alone qualified. That among other things, he bequeathed to his daughter Lucy A. Long, wife of complainant, as follows, to-wit:

"I have heretofore given to my youngest daughter Lucy A. Long, wife of Jesse L. Long, the following negroes, Isaac and Dinah his wife, Mariah and her four children, Kit, Missouri, Willis and Frances, and negro woman Sylvia and her four children, Fred, Joanna, Louisa and Indianna, valued at five thousand dollars. Also I now give to my said daughter Lucy A. the following other negroes, to-wit: Senny, Allen, Winney, Sidney, Nelly, and her infant child; Charity and Lucy Ann, valued at $4,050, with all their natural increase with the future natural increase of said negroes. I also give to my said daughter Lucy A. the other one half equal interest in the plantation and lands I purchased from James W. Armstrong, to own the same in connection and joint and equal interest with my daughter Julia E. Holt as directed in item twelfth of this will; said half interest being valued at $3,250; all of which said property herein given, I will and direct to be vested and given in a proper legal manner to my daughter Lucy A. and to her children, free from the debts and disposition of her present or any future husband."

This will was executed on the 21st February, 1855, and afterwards on the 17th September, 1855, testator made a codicil thereto, in which, among other things, he revoked the bequest to his daughter Lucy A. Long, except so much as relates to the negroes already in the possession of her husband, the complainant, giving as a reason for said revocation the death of his daughter the said Lucy A., since the date of the will, and bequeathed and directed as follows, to-wit: "I give and bequeath to my grand-son, William Henry Long, only surviving child of my late daughter Lucy A. Long, the property that I gave to Lucy A. Long and her children in my

will above referred to, should he live to be twenty-one years of age, but should my said grand-son die before he arrives at twenty-one years of age, then said property I give to my other lawful heirs, exclusive of my wife Martha H. to whom I have heretofore given in my said will, the full share I design for her, to be equally divided between them on the same principle of division as set forth in my will."

Robert and John Bowman were named as the executors, and in said codicil he appointed the said Robert Bowman trustee for his grand-son William Henry Long.

The bill further charges, that said Robert took possession of the estate of testator, and proceeded in due course to execute said will and codicil, and that he took into his custody and control as trustee, all the property bequeathed to said William Henry Long, and is in the receipt of the income and profits of the same, amounting to the sum of two thousand dollars per annum, or other large sum. That said William Henry is now about three years old, and complainant has been appointed his guardian by the Ordinary of Troup county. Complainant claims that by virtue of said will and codicil, a fee simple estate, to all the property bequeathed to said William Henry, vested in him at testator's death, and that as his guardian he is entitled to its possession and management and to the receipt of the rents and income during the period it has been in the hands of Robert Bowman; and at any rate, that as guardian he is entitled to a reasonable amount of said income, for the board, education and maintenance of his child and ward, and that five hundred dollars would be a reasonable sum. The bill prays for an account of William Henry Long's estate in the hands of defendant, and that he pay over the whole and the rents and income to complainant as guardian, and that he be decreed to pay such reasonable sum per annum as may be adjudged necessary for the support and education of said William H.

Defendant demurred to this bill, and after argument the Court overruled the demurrer, holding, that William Henry

Long took a vested interest in the property bequeathed to him in said will and codicil, *eo instanti*, upon testator's death.

To which decision defendant excepted.

Poe & Grier, for plaintiff in error.

E. A. & J. A. Nesbit, for defendant in error.

*By the Court.*—Lumpkin J. delivering the opinion.

"I give and bequeath to my grand-son, William Henry Long, only surviving child of my late daughter, Lucy Long, the property that I gave to Lucy A. Long and her children, in my will above referred to, *should he live to be twenty-one years of age ; but should my said grand-son die before he arrives at twenty-one years of age, then said property I give to my other lawful heirs, &c. ;*" and "I appoint Robert Bowman, trustee for my grand-son, the said Wm. Henry Long," &c.

Did the grand-son take a vested or contingent legacy under the foregoing codicil to the testator's will?

It is conceded that there are no technical appropriate words, which always determine whether a legacy be on a condition precedent or subsequent: that the same words have been construed differently in different wills; and that the question is always one of intention, and that if the language of the particular clause or of the whole will shows, that the act on which the estate depends, must be performed before the estate can vest, the condition is of course precedent; and unless it be performed, the legatee can take nothing. If on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow, and if this is to be collected from the whole will, the condition is subsequent. (3. *Peters* 346.)

Still certain rules have been deduced from the books to aid in arriving at a right construction as to wills. I will cite a few of them.

When a future time for the payment of a legacy, is defined by the will, the legacy will be vested or contingent, according as upon construing the will, it appears whether the testator meant to annex the time to the *payment* of the legacy or to the gift of it. (2. *Wms. on Exor's.* 1051.)

In ascertaining the intention of the testator in this respect, the Courts of equity have established the following rules of construction.

1st. That a bequest to a person, payable, or to be paid at or when he shall attain twenty-one years of age, or at the end of any other certain determinate period or term, confers on him a vested interest immediately at the testator's death, as *debitum in presenti solvendum ad futuro :* For the words payable or to be paid, are supposed to disannex the *time* from the *gift* of the legacy, so as to leave the gift immediate in the same manner in respect to its vesting, as if the bequest stood singly and contained no mention of time. (*Ib.* 1052.)

2ndly. That if the words payable or to be paid, are omitted, and the legacies are given at twenty-one, or if, when, in case, or provided, the legatees attain twenty or any other future, definite period or term, these expressions annex the *time* to the *substance* of the legacy and make the legatee's right to it, depend on his being alive at the time fixed for its payment. Consequently, if the legatee happens to die before that period arrives, his personal representative will not be entitled to the legacy. (*Ib.*)

Whether these rules be sound or not, they are such as the Courts have adopted; and perhaps are as near an approximation to accuracy as could be expected.

Testing this bequest by these rules, and taking the words of the will alone, and candor, constrains us to admit that the grand-son took upon a condition precedent; and such being the natural, if not the necessary import of the words themselves, is there any strong or manifest intent to be collected from the will, which should control this express provision ? If so, it is to be found in these provisions of the will.

Bowman Ex'or. and Trustee vs. Long.

In the will, the testator gave absolutely to his daughter and her children the portion bequeathed to them. Had the daughter survived her father, the legacy given to her and her children, would have vested immediately. But Mrs Long died before her father, leaving this grand-son, her only child. The grand-father then by a codicil gives to him the portion he had intended for the mother and her children. One inference may fairly be drawn from this, that he intended his grand-son should enter at once upon the enjoyment of the legacy, such being his purpose as to the mother and *all* the children, had she survived. Why withhold from the only survivor of the family, the use and enjoyment, when the whole *corpus* was given.

In the next place, there is a gift over of the property. For although a devise to a person, if he should live to attain twenty-one, standing alone, would be contingent, yet if it be followed by a limitation over, in case he die under such age, the devise over is considered as explanatory of the sense in which the testator intended the devisee's interest in the property to depend, on his attaining the specified age, namely, that at that age it should become absolute and indefeasible. The interest in such case vests *instanter*. This class of cases, was fully discussed in the House of Lords in *Phipps vs. Ackers* (9. *Cl. & F.* 538,) on appeal from the decision of Shadwell B. C. in *Phipps vs. Williams*, (5. *Sim.* 46.) where the Judges delivered their opinion, which was adopted by the House of Lords; that if a testator devise real estate to C. D., when, and so soon as he shall attain the age of twenty-one years. But in case he should die under the age of twenty-one years, then over. It was held, that devisee C. D., on the death of the testator took an estate in fee simple, subject to be divested upon his dying under it. Upon the principle, that the gift over showed the testator intended the first devisee should take whatever interest the party claiming over was not entitled to, which of course gives him the immediate interest, subject only to the chance of being divested

on a future contingency. (*See also* 1. *Jarns. on wills*, 775 *note*.)

But the main fact in favor of the vesting of the legacy is the appointment of a trustee—one of his executors—for this infant grand-son, to whom the legacy is given. In the language of Sir Wm. Grant in *Bromstrom vs. Wilkerson*, (7. *Ves. Jr.* 421.) "How could there be a trustee of nothing? Of what is the uncle trustee during the minority of the boy? The trustee intended to appoint a trustee for him beneficially. No other meaning can be put upon the words."

These comments I confess exerted a preponderating influence upon my mind, and I felt that the appointment of one of the executors to be trustee of the minor, was a most significant circumstance. It indicated a severance of the legacy from the rest of the estate; and that it was not for the purpose of accumulation merely, as the same result would have followed, by permitting it to remain in the hands of the same person as executor. Nor could the testator have intended to constitute a testamentary guardian of the person of his infant grand-son. For this he could not do, his father being still in life. He must have intended that he should take charge of the legacy left to his grand-son, and manage it beneficially for him, that is, in furnishing him with an education suitable to his condition and expectations in life, and to husband the surplus.

The case of *Wells vs. Roberts*, (5. *Engl. Ch. Rep.* 556,) is also in point, though not strongly as the preceding case. For in this latter case, the trustee was requested to attend to the education of the legatee. But the reasoning upon which this case was decided, will apply with full force to the case before us. Indeed I insist that the bare appointment of a trustee for a minor to whom property is bequeathed involves necessarily all the duties resulting from the relation of trustee and *cestui que trust*.

Indeed, it has grown into a rule in England, that notwithstanding the natural and obvious reading of the words would

make the legacy dependent upon the happening of the condition precedent, yet the appointment of a trustee, has been looked upon by the Courts as indicating an intention to control the words. (1. *Roper on Legacies*, 387.)

The Lord Chancellor in deciding the case of *Home vs. Rollans*, (7. *Engl. Ch. Rep.* 15,) uses this illustration "A bequest to A, when and if he attain the age of twenty-one, and in case of his death, to B. is a gift absolute to A., unless he die under age. (*See also* 1. *Bro. Ch. Rep.* note ; *Ib.* 103 notes ; 2, *Ib.* 305 notes ; 1. *Ib.* 75, 78 notes ; 2. *Peck Rep.* 468 ; 2. *Serg. & Raule* 59 ; 3. *Dep.* 286 ; *Fonbl. Eq. B.* 4 *pl.* 1. *Ch.* 2. § 4. note ; 2. *Dep.* 295 ; *Hanson vs. Graham*; 6. *Ves. Jr.* 239 notes ; 3. *Ark.* 430 ; 1. *P. Williams*, 783 ; 14. *Ves. Jr.* 577 ; 2. *P. Wms.* 420, 504 ; 4. *Iredell's Eq. Rep.* 248 ; 8. *Ves. Jr.* 12 ; 9. *Ibid.* 222 ; 6. *Porter* 21.)

Considering then, that Courts always favor the vesting of legacies, that words however strong, are to be controlled by the intention of the testator, that natural feeling is in favor of the construction contended for by the defendant in error; we have come to the conclusion, not without some hesitation, that the legatee Long take the property subject to be divested, should he die before attaining the age of twenty-one years, and rule accordingly.

Judgment reversed.