CLARA A. JONES *vs.* JOHN LEEMAN.

Washington.    Opinion May 31, 1879.

*Trespass q. c.    Will,—construction of.    Exception.    Disseizin,—purging.*

Generally, possession, either actual or constructive, by the plaintiff of the land described in his writ, is essential to enable him to maintain an action of trespass thereon.

A mere right of entry derived from the conveyance of the title of the owner who was out of possession when such conveyance was made is not sufficient without a previous re-entry by the grantee to purge the disseizin.

A testator's will, after devising to his son G twenty-five acres (described by metes and bounds) of his homestead farm, which G was to have at the age of twenty-one years, continued as follows : "I give to my wife M all the remainder of my homestead farm," with the stock and numerous other articles of personal property, " and everything belonging or attached to said farm except the twenty-five acres given to G." The wife was required to pay all debts and certain legacies "and to give to my son T a good school education and clothing, . . and at the day of her death all goes into the hands of my son T:" *Held*, that the language was sufficient to give to the wife a fee simple in all the homestead except the twenty-five acres given to G.

Further on the will continued: "If my son T comes to the age of twenty-one years during my wife's lifetime, then he shall have from the real estate given my wife the following " (describing the locus on which the trespass is alleged to have been committed): *Held*, that this is to be read as a valid exception out of the property devised to the wife, and that T, when he became twenty-one years old, was entitled to the same in fee.

TRESPASS *quare clausum fregit.*

ON REPORT to the law court with jury powers, with the stipulation that, if the action is maintainable, it is to stand for trial.

The facts sufficiently appear in the opinion.

*A. McNichol*, for the plaintiff, cited *Pickering* v. *Langdon*, 22 Maine, 413.    *Morton* v. *Barrett*, 22 Maine, 257.    *Orr* v. *Moses*, 52 Maine, 287.

*J. & G. F. Granger*, for the defendant.

BARROWS, J.    An action of trespass is a proper remedy for an injury done to one's possession of things, real or personal.    To maintain it here the plaintiff must show that she had the possession, either actual or constructive, of the land described in her writ, rightfully as against the defendant.

A mere right of entry derived from the conveyance of the title of the owner, who was out of possession when such conveyance was made, is not sufficient without a previous re-entry by the grantee to purge the disseizin. Except for the original act of disseizin, the owner of land who is out of possession cannot without a re-entry maintain the action, nor can he recover damages for injuries done by the disseizor while in possession. 2 Greenl. Ev. (2 ed.) 577, § 619. 3 Black Com. 210.

This doctrine is recognized in numerous cases in this state and in Massachusetts, and seems to arise necessarily from the nature of the action. See *Taylor* v. *Townsend,* 8 Mass. 411, 415. *Allen* v. *Thayer,* 17 Mass. 299. *Bigelow* v. *Jones,* 10 Pick. 161. *Blood* v. *Wood,* 1 Met. 528. *Tyler* v. *Smith,* 8 Met. 599. *Prop. Ken. Purch.* v. *Call,* 1 Mass. 483. *Bartlett* v. *Perkins,* 13 Maine, 87. *Brown* v. *Ware,* 25 Maine, 411. *Abbott* v. *Abbott,* 51 Maine, 575. *Howe* v. *Farrar,* 44 Maine, 233.

The case seems to have been somewhat carelessly and hastily made up, and it is not clear that the questions which the parties may have designed to present can be regularly reached.

The plaintiff relies upon a constructive possession arising from proof of title, which, if the title were established, would answer the purpose and make a *prima facie* case, provided the evidence she offers did not show herself and her grantor actually disseized before the time of the acts complained of, and fail to show the necessary re-entry. She presents a deed from Clarissa S. Kerr purporting to convey the locus, as administratrix of Thomas Kerr, to Clara M. Jones. If, making allowance for rather more than the usual amount of heedlessness and consequent mistakes, we assume the identity of divers persons described by different names and the regularity of the proceedings of the administratrix in making the sale, we may conclude that the plaintiff has the title which Kerr had in his lifetime. That title depends upon the construction to be given to the will of John Kerr, who owned the farm of which the locus is a part, and by his will dated November 20, 1844, undertook to dispose of his worldly estate, in total disregard of everything like technical precision, and to some extent of consistency also. In the outset he gives to his two

daughters, Ann and Elizabeth, trifling bequests from the personalty, and to his son George "twenty five acres from my homestead farm," (described by metes and bounds) "which the said George is to have at the age of twenty-one years, which will be the 23d day of August, 1846." To the same son he gives two hundred acres of land in New Brunswick, and then proceeds : "I also give to my wife Margaret all the remainder of my homestead farm on which I now live at the day of my decease, with all the farming utensils, and stock, sheep, horses, swine and fowls of all description, and all articles of household furniture of every description, and wagon, sleigh, and all the other articles now used on the said place, together with all the buildings on said place, and all the hay and grain that is in the said barn or house or other buildings, and everything belonging or attached to said farm, except the twenty-five acres given to my son George. My wife Margaret is to give my daughter Ann the one cow which is before mentioned. . . I appoint my wife Margaret to be my only executrix of this my last will and testament; and my wife Margaret is to pay all of my debts and to collect all my debts from all persons, and my wife Margaret is to give to my son Thomas N. a good school education and clothing from the estate which I have given her, and at the day of her death all goes into the hands of my son Thomas N. If my son Thomas N. comes to the age of twenty-one years during my wife's lifetime, then he shall have from the real estate given my wife the following real estate, viz : " (here follows a description of the locus). "At the expiration of my wife's lifetime all the property given to her goes to my son Thomas N. My daughter Margaret is to have her living from the property I have left my wife until she shall get married ; then she is to be fitted out as the other girls, Ann and Elizabeth, have been, with one cow, bedding and other articles of furniture."

"A devise of land must be construed to convey all the estate of the devisor therein, unless it appears by his will that he intended to convey a less estate." R. S., c. 74, § 16. It was held that, by a devise, made before this provision was enacted, of the whole of the testator's estate of every name and nature, both real and personal, after the payment of debts, without words of inheritance,

the devisee took an estate in fee. *Josselyn* v. *Hutchinson*, 21 Maine, 339. See, also, *Butler* v. *Little*, 3 Maine, 239. *Russell* v. *Elden*, 15 Maine, 193. Aside from this, it is well settled that, if the devisee is charged with the payment of debts and legacies, with the payment of any sum whatever, he will take a fee, and this without regard to any disparity between the value of the estate devised and the charge imposed. *Moone* v. *Heaseman*, Willes, 140. *Doe* v. *Holmes*, 8 D. & E. 1. *Goodtitle* v. *Maddern*, 4 East. 496.

There can be no doubt that the language first used by John Kerr imports the giving to his wife Margaret of a fee in all the homestead farm, "except the twenty-five acres given to . . George." Margaret was personally charged with the payment of debts, and with the maintenance and education of Thomas, and divers other matters which the testator required. But Kerr afterwards thought that some provision should be made for Thomas if he arrived at the age of twenty-one years, living with his mother, and he thereupon provides that, in that contingency, he "shall have from the real estate given my wife" the parcel upon which it is alleged the defendant has trespassed.

The plaintiff contends that the intention of the testator is clear, and that at all events the last expression of his will, if there is a conflict, must govern; and defendant claims that the devise to Thomas N. is inoperative and void within the doctrines laid down in *Ramsdell* v. *Ramsdell*, 21 Maine, 288, and *Shaw* v. *Hussey*, 41 Maine, 495. To this specific devise to Thomas we do not think the doctrines of the cases just cited apply, whatever effect they may have upon the attempted devise over to Thomas of a supposed possible remainder at the death of his mother.

We are not compelled, in order to sustain the devise of the locus to Thomas N., to resort to the arbitrary rule of construction invoked by the plaintiff, that the last expression of the testator's will shall govern. It is a well established rule that, when the testator makes a general devise or bequest of his property which would include the whole of his estate, and in other portions of his will makes specific disposition of some part or parcel, the specific disposition shall be regarded as making an exception or qualifica-

tion of the general and sweeping clause, which must be read and construed as subject to the more specific and particular disposition. *Wallop* v. *Darby*, Yelv. 209.

Accordingly, when a testator, after devising the whole of his estate to A, devises Blackacre to B, the latter devise will be read as an exception out of the first, as if he had said, " I give Blackacre to B, and, subject thereto, all my estate, or the residue of my estate, to A." *Cuthbert* v. *Lempriere*, 3 Maule & S. 158.

If it had not appeared by the testimony of plaintiff's witnesses that the locus was in the open and notorious possession of a disseizor prior to the time when the plaintiff took her deed, we should say that the plaintiff had made a *prima facie* case.

But it does not appear that Thomas N. Kerr was ever in possession of the locus, claiming it as his own under the devise. On the contrary, it would seem to have been with the rest of the farm in the possession of Margaret, his mother, the widow of the testator, and not of Thomas N., except so far as he " lived there with the old folks," and, as his widow Clarissa testifies, " the fall before I went there she (the old lady) gave the whole place up to my husband to maintain her."

This arrangement lasted some years and then Thomas N. left, and died elsewhere. Leeman, the defendant, married a daughter of John Kerr, and for some four years before the trial seems to have been carrying on the place under some arrangement with Margaret Kerr, the widow of the testator, who lives with him and her daughter.

Clarissa Kerr, the plaintiff's mother and principal witness, while testifying to the acts of Leeman which are alleged as trespasses, says: " I attempted to take possession of this property described in the writ, and the family that lived there would not give it to me. Leeman lived on it. I forbid his cutting there once, and he said he would fix that and me too."

The plaintiff does not seem to have moved in the matter at all, and there is no evidence of a re-entry to purge a disseizin, which seems to have amounted to an actual ouster.

The plaintiff's rights can more properly be tried in a writ of

entry to recover the possession as suggested by Weston, C. J., in *Bartlett* v. *Perkins,* 13 Maine, 89.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.