NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1885.

MATTER OF COGSWELL.

*In the matter of the estate of* WILLIAM L. COGSWELL,
*deceased.*

Legacies bequeathed to infants, "*to be paid* to them as they shall sever-
ally attain the age of twenty-one years," with gifts over in the event of
earlier demise, vesting on testator's death, are not within the purview
of an Act taxing legacies, prospective in its character, passed after
such death, though before the legacies become payable.

THE will of decedent was admitted to probate May
1st, 1880. It bequeathed to each of two nephews
$15,000, to be paid as they severally attained the age
of twenty-one years. Upon the death of either of
them under that age, the legacy of the one so dying
was given to one of the executors. One of the neph-
ews, William, who had become of age, was paid the
amount of his legacy in 1881, pursuant to a decree of
the Surrogate's court, which directed the executors to
retain $15,000, to be paid to the other, John, upon his
reaching majority; which happened October 30th,
1885. On June 10th, 1885, the legislature passed an
act, entitled: "An act to tax gifts, legacies and col-
lateral inheritances in certain cases;" and providing
that, "After the passage of this act, all property
which shall pass by will, or by the intestate laws of
this State, from any person who may die seized or
possessed of the same while being a resident of the
State, or which property shall be within this State,"

etc., etc., (with certain exceptions) "shall be, and is, subject to a tax of five dollars on every hundred dollars," etc.

The court was asked to determine whether this act applied to John's legacy.

R. S. HART, *for legatee.*

THE SURROGATE.—One of the clauses of the will of this testator is as follows: " I give to my nephews, William and John, the sum of $15,000, to be paid to them by my executors as they shall severally attain the age of twenty-one years." Then follows a gift over, in the event of either of them being removed by death before attaining that age.

I think that, at the death of the testator, his nephews both took vested interests in their respective legacies, subject to become divested in the event of death before their arriving at the age of twenty-one (Phipps v. Ackers, 9 *Cl. & Fin.*, 583 ; Bowman v. Long, 23 *Ga.*, 247). Says Jarman, in his treatise on wills : "Although there is no doubt that a devise to a person, if he shall live to attain a particular age, would be contingent if standing alone, yet if it be followed by a limitation over in case he die under such age, the devise over is considered as explanatory of the sense in which the testator intended the devisee's interest in the property to depend on his attaining the specified age, namely, that at that age it should become absolute and indefeasable ; the interest in question, therefore, is construed to vest *instanter* " (2 Jarm. on Wills, 5th Am. ed., 424).

As the interest of John D. R. Cogswell, under this

will, passed to him from the testator before taking effect of the act of June 10th, 1885, entitled, " An act to tax gifts, legacies and collateral inheritances in certain cases," I hold that that statute has no application to the case at bar.