W. A. HOWARD *et al. v.* F. M. WHEATLEY *et al.*

1. WILLS. *Devise upon condition precedent.* A devise of land to the children of the testator's daughter "on condition" that the daughter release the estate of the testator from all liability to pay a note which the daughter holds, is a devise upon a condition precedent, and no title to the land vests in the children until the condition is complied with.

2. SAME. *Same. Rights of creditors.* The rights of a creditor of the estate to the land thus devised, acquired under judicial proceedings, to which the testator's daughter was a party, claiming as the heir of the father, cannot be affected by a subsequent offer to comply with the condition imposed by the devise.

3. SAME. *Same. Same. Lien.* Nor would a prompt compliance with the condition affect the lien of a creditor on the land acquired in the life-time of the testator, nor the rights of a general creditor properly prosecuted.

---

FROM MAURY.

---

Appeal from the Chancery Court at Columbia. JNO. A. TINNON, Sp. Ch.

MCKAY & FIGUERS for complainants.

W. S. RAINEY for defendants.

COOPER, J., delivered the opinion of the court.

On November 29, 1867, Samuel Wheatley departed this life in Maury county, where he had long resided, leaving as his only heirs-at-law F. M. Wheatley, A. C. Wheatley and Sarah M. Howard, the wife of I. L. Howard. On January 7, 1868, A. C. Wheatley was appointed and qualified as administrator of the dece-

dent's estate, and on May 12, 1868, suggested the insolvency of the estate to the county court. On March 8, 1869, A. C. Wheatley, as administrator and heir, together with F. M. Wheatley, as co-heir, filed a bill in the chancery court against Howard and wife for a sale of the lands of the estate to pay debts, and for the benefit of the heirs. On September 4, 1869, Isaac N. Byers and wife filed a bill against the said heirs and administrator, and enjoined the sale of the land, claiming the same under an execution sale thereof made in the life-time of Samuel Wheatley; the redemption thereof by successive creditors of Samuel Wheatley, the conveyance of the land to N. M. Byers, as the final redeeming creditor, by the sheriff, and a conveyance by N. M. Byers to I. N. Byers and wife. The administrator and heirs answered, denying the validity of the complainant's title, and filed a cross-bill to set up a parol agreement extending the time of redemption. The allegations of the cross-bill were denied by Byers and wife. The result of the litigation was that, by a decree of this court, the sheriff's deed to N. M. Byers was held void for want of the necessary recitals showing properly the judgment, execution and levy under which the sale was made. But the court was of opinion that the equitable title to the land passed to the purchaser under the judgment, execution, levy and sale by the sheriff shown by record evidence outside of the deed of the sheriff, and that this equitable title passed to Byers and wife by the subsequent redemptions and the conveyance of the land to them by N. M. Byers, so far,

Howard *v.* Wheatley.

at any rate, as to give them an equitable lien for the redemption money. The court thereupon, in affirmance of the chancellor's decree, declared an equitable lien on the land in favor of Byers and wife for the amount paid in redemption of the land, and ordered the land to be sold in satisfaction thereof. This decree was rendered on March 12, 1874, and the opinion of the court is reported in 3 Baxt., 160. The decree ordered the debt of Byers and wife to be first paid out of the proceeds of the sale of the land, and the residue of the purchase money to be paid into the office of the clerk and master at Columbia for the benefit of the heirs of Samuel Wheatley, deceased, subject to a lien for the fees of the defendants' counsel. The decree further directed, to the end that all proper accounts might be taken for the rents of the land and for the settlement and distribution of the funds, that the cause be remanded to the chancery court. In October, 1874, about 177 acres of the land were sold by the clerk of this court to W. A. Howard for $2,990. Howard having failed to pay his notes given for the purchase money, the land was resold to J. M. Mays for $1,415 cash. In October, 1878, 119 acres of the land were also sold by the clerk of this court, and it is this part of the land, or the proceeds of the sale thereof, involved in the suit now before us, to J. S. Allen for $1,300, on a credit of one and two years. The decree confirming this sale directed the clerk, as the notes were paid, after first retaining costs, to pay the balance due Byers and wife, then taxes and attorneys, fees, if any, and the residue to the heirs of Wheatley.

Allen paid his first note to the then clerk of this court, who failed to account for it. Afterward, in January, 1880, upon the motion of Byers and wife against the defaulting clerk, and upon their further motion against his successor in office to require him to pay them out of the proceeds of Allen's second note, this court held that the payment to the first clerk was payment to them, and that they must look to him for their money, taking nothing by their motion against his successor in office. Afterward, at the December term, 1880, of this court, the whole cause was remanded to the chancery court at Columbia.

On March 21, 1881, the bill before us was filed in the chancery court at Columbia, by the five adult children of I. L. Howard and Sarah M., his wife, against the two infant children of Howard and wife, against Howard and wife, and against F. M. Wheatley and the two children of A. C. Wheatley, who had died about 1874. The object of this bill was to set up title in the children of Howard to the 119 acres of land sold to J. S. Allen as aforesaid, and, on the strength of that title, to obtain the purchase money received from Allen by confirming the sale made to him. The bill states the foregoing facts, and refers to the records and papers in the suit to sell the land, and in the suit of Byers and wife, for a full understanding of the facts. It then states that those causes had proceeded and been conducted as if, and upon the supposition that, Samuel Wheatley had died intestate, whereas he had made a will, which was duly proved and recorded on December 6, 1869. By this

will, executed on March 29, 1866, Samuel Wheatley devised to his grand-children, the issue of his daughter, Sarah M. Howard, the 119 acres in controversy by metes and bounds. But the will, which contains only the one devise, concludes with these words: "This bequest is made on condition that my daughter, the said Sarah M. Howard, shall release my estate from all liability to pay a note which my daughter, the said Sarah M. Howard, now holds against me." The bill avers that a particular note of the decedent, made payable to I. L. Howard, the husband of Sarah M., was the note referred to in the condition, and that this note was surrendered to the representative of the decedent's estate for cancellation, and no effort was ever made to collect the same. It is charged, therefore, that the condition of the will had been complied with. The bill insists that the sale of the land, and the proceedings in the causes under which it was sold were void as to the devisees, because they were not parties to the suits, but seeks only to reach the proceeds of sale, the devisees being satisfied with the price the property brought. The defendants, the Wheatleys, and Byers and wife, put in issue the compliance with the condition of the will, and Byers and wife, in addition, insist upon the equitable title or lien acquired by them on the land, as found by the decree of this court, in the life-time of Samuel Wheatley.

The final hearing by the chancellor, November 5, 1881, was upon the proceedings in the cause, "and also upon the record in the case of I. N. Byers and wife against A. C. Wheatley and others, and the record

of A. C. Wheatley and others against Howard and wife," from all of which he was of opinion that the condition of the will had been complied with, and that the title to the land devised had vested in the children of Sarah M. Howard; that the proceedings under which the land was sold were void as to them; and that they were entitled to the relief sought. The decree perpetually enjoined Byers and wife from collecting or disposing of the funds arising from the sale of the land. But the decree adds: "It being suggested to the court that said funds are in the hands of the clerk and master of this court in the cause of I. N. Byers and wife against A. C. Wheatley, administrator, and others, and that possibly claims of creditors of the estate of Samuel Wheatley, deceased, have been filed in said cause for payment, the clerk and master will retain said fund as the same is now being held, subject to the future orders of the court in that case." Byers and wife and the Wheatleys prayed and obtained an appeal, but Byers and wife alone perfected their appeal by giving bond.

The Referees find that the condition of the devise was not complied with, but they are also of opinion that, even if the condition had been performed, the will could not affect the rights of Byers and wife as creditors of the testator's estate, the debt being an equitable lien on the land. They report that the chancellor's decree should be reversed, and that Byers and wife should be paid the balance of their debt, not otherwise satisfied, first out of the proceeds of the sale of the land, the cause being remanded for the

execution of the decree. They suggest that it is a proper case for each party to pay one-half of the costs of this court.

Byers and wife except to that part of the report which proposes to charge them with one-half the costs of this court. And the Howards file exceptions which open the case as to them.

It is tacitly conceded by the bill, and in argument, that the condition of the devise under which the complainants claim was a condition precedent, and that the devisees took no vested interest in the land until the condition was performed. We have had occasion, recently, to consider the law governing such testamentary provisions, and are of opinion that the concession has been properly made: *Cannon* v. *Apperson*, 14 Lea, 553. Howard and wife were parties defendant both to the bill of A. C. Wheatley and F. M. Wheatley for the sale of the land in controversy, and to the bill of Byers and wife claiming the same land. Howard's wife was made a defendant in both cases as one of the heirs of Samuel Wheatley, and she and her husband asserted her rights accordingly. A decree for the sale of the land was obtained in the Wheatley case, which was enjoined by the bill of Byers and wife. The Wheatleys and the Howards answered this bill, and filed a cross-bill in their character of heirs, insisting* upon their right to the land, and seeking a dissolution of the injunction obtained by Byers and wife. The cross-bill seems to have been filed after the probate of the will of Samuel Wheatley, and was sworn to by Howard, the

husband.    Both of these cases were pending in court
for many years before they were finally heard, and
afterward to execute the decrees.    During all these
years Howard and wife were acting as heirs, and
claiming the land or its proceeds accordingly.    Not
the slightest intimation was given by them that they
had complied, or ever intended to comply, with the
condition of the will.    On the contrary, the husband
handed the note, with two other claims held by him
against Samuel Wheatley, to the clerk of the county
court, in which court the suggestion of the insolvency
of the estate had been made, and the clerk marked
the note, as well as the other claims, as filed, and
entered them upon his book of insolvent claims in the
case.    This was on September 6, 1869.    In the mean-
time A. C. Wheatley, the administrator, died in the
year 1874, and John G. Horsely was appointed in his
place, but resigned in a few months.    Then H. T.
Gordon was appointed administrator.    On August 19,
1875, I. L. Howard, the husband, withdrew the note
from the county court, and handed it to Gordon, who
gave him a receipt therefor, saying: "This note filed
with me to-day as the administrator of Samuel Wheat-
ley."    Gordon testifies that he was at that time ex-
pecting to realize a considerable sum of money on a
claim of the estate against the United States govern-
ment, and understood that the note was placed in his
hands for the purpose of receiving its share of the
fund, he having had several conversations with Howard
in relation to the government claim, and his expecta-
tion of collecting it.    He adds: "I did not receive

the note as the administrator of Wheatley to be cancelled, nor was any thing said to me by any of the parties to indicate to me that *that* was their intention." F. M. Wheatley testifies that Howard and wife, sometime after Samuel Wheatley's death, told him that they had filed all their claims, including the note in question, against the estate.

Under these circumstances, we think I. L. Howard is simply mistaken when, in his deposition taken in this cause, he says 'that he left the note with the county court clerk merely to be held until called for by him, and that he delivered it to Gordon as administrator to be cancelled. And no matter what may have been the intentions of Sarah M. Howard in the premises, and conceding the fact to be as she now testifies, that she always intended to comply with the condition of the devise, it is very certain that neither she nor her husband ever actually complied with the condition, unless they may be treated as having done so by their answer in this cause. Whether that compliance is not in time as against their co-heirs, it is unnecessary to enquire, for the Wheatleys have not appealed from the chancellor's decree. The compliance is clearly too late as to creditors who have acquired rights in the land upon the faith of their election to treat the land as descending to the wife as heir, and to file the note as a valid charge against the estate.

The Referees are also right in holding that the will would not affect the rights of Byers and wife. The Howard children, as devisees, might, if the condition precedent had been complied with, have sued Allen, the

purchaser, for the land, upon the ground that they were no parties to the suit under which he acquired his title. But in that event, as all of our cases hold, they would be required to refund to the purchaser so much of the purchase money as was received by them, or appropriated in the payment of debts of the ancestor, which were a lien on the property: *Trousdale* v. *Maxwell*, 6 Lea, 161; *Coldwell* v. *Palmer*, 6 Lea, 652. The complainants have not proceeded against the purchaser. They have filed their bill against the particular creditor, at whose instance the land was sold, and asked to be given the proceeds of the sale, they being content to take the price instead of the land. But obviously they cannot obtain the proceeds of the sale, any more than they could recover the land, without being subject to the corresponding equity that they account to the creditor, who has the equity to which the purchaser would be subrogated, for so much of the debt as was a lien on the property. If the land had been recovered, the amount thus to be accounted for would have been the subject of a separate suit. But the complainants in this case have made the creditor claiming the fund a party, and have, in addition, expressly referred to the record and papers in the suit to sell the land, and also in the suit of Byers and wife, and the chancellor's decree shows that these records and papers were read on the final hearing, as thus referred to, and without any exception whatever. The same case is therefore before us in one suit as would have been usually embodied in two separate suits. On the face of this bill the facts are con-

ceded to be as set out in the record and papers of the suit of Byers and wife, and it would be worse than an idle form to grant the relief sought on the basis of the invalidity of the sale as to the Howard children, and remand to ascertain the amount of. the debt of Byers and wife, which was a lien on this land. We can come to no other conclusion than the court came to in the original cause. It is scarcely necessary to add that Byers and wife can·only be charged with such funds as the court ordered to be paid them, and, in the absence of proof of fault, are not responsible for other orders. ·

The exceptions of the complainants to the report of the Referees must be disallowed, the chancellor's decree reversed, and a decree entered in accordance with the report, except as to the costs of this court. The complainants will be charged with all the costs of the court below, and of this court, the exception of Byers and wife to the report of the Referees in the matter of costs being well taken.