MARKHAM *v.* HUFFORD.

WILLS—PRECEDENT CONDITIONS—CERTAINTY.
　　The condition that a legacy shall be paid to the legatee two years from the date of the testator's death, provided that the legatee shall be deemed a reformed man, in the judgment of the executors, is not void for uncertainty, and constitutes a valid condition precedent.

Error to Kent; Adsit, J. Submitted February 7, 1900. Decided March 27, 1900.

Almon L. Markham filed a petition in the probate court for an order requiring Silas L. Hufford and William Hoyle Jones, as executors of the last will and testament of Mary C. Jones, deceased, to pay him the amount of a certain legacy. The petition was denied in the probate court, and petitioner appealed to the circuit court. From a judgment for petitioner, defendants bring error. Reversed.

*Walker & Fitz Gerald* ( *Myron H. Walker*, of counsel ), for appellants.

*Lombard & McAllister*, for appellee.

HOOKER, J. The testatrix, Mary C. Jones, left a will containing the following provisions:

"1. To Almon L. Markham, the son of my daughter, Julia J. Markham, deceased, I give and bequeath the sum of five hundred dollars ($500.00), to be paid to him at the expiration of two years from the date of my demise: *Provided*, that he shall be deemed a reformed man, in the judgment of the executors of this will.

"2. To my granddaughter, Mary Maud Markham, I give and bequeath the sum of five hundred dollars ($500), not to be paid to her until she has attained the age of twenty (20) years, unless it be necessary, in the opinion of the exectors, and then not to exceed the sum of one hundred and fifty dollars ($150.00); the balance to be paid at the time specified above, if any disbursement is made.

"3. In the event of the demise of either or both of the aforementioned persons before the time for the payment of the several amounts due them, then I direct that their shares shall revert to the Society of Women's Christian Temperance Union, to be paid to the Union of Unions of the City of Grand Rapids, and to be by them used for the advancement of the temperance work, without reservation."

Several other bequests followed, and then the following:

"8. And all the balance of my estate, both personal and real, or which may accrue or of which I may be possessed of at the time of my decease, I do give and bequeath unto my son, William Hoyle Jones.

"It is my request that the estate be settled up within three (3) years after my demise. I also give the executors the privilege of disposing of any or all of the estate at public or private sale, as they may deem best for the interest of the estate.

"I hereby appoint Silas L. Hufford, of Walker, and William Hoyle Jones, both of the State of Michigan, executors of this, my will."

The will was duly probated, and the persons named as executors accepted the trust and qualified. The inventory of the estate bears date May 20, 1892.

In October, 1898, Almon L. Markham filed a petition in the probate court, praying an order that the executors pay

him his legacy. This was followed by an amended petition. Upon a hearing the probate court denied the relief, and the cause was tried in the circuit court upon appeal. The findings of fact and law disclose, among other things, that on January 18, 1896, Almon L. Markham filed in probate court a petition, alleging the will and its admission to probate, and that more than two years had expired, and that he was a reformed man, and was entitled to his legacy. It prayed that the executors be cited to show cause why they had not paid the legacy, and, in case of their failure to do so, that they be discharged from their office, and petitioner be authorized to bring an action upon their bond in the circuit court. A hearing was had, and it was held that the petitioner was not entitled to the relief prayed. No appeal was taken, and such order stands unreversed. In the present proceeding the circuit court failed to pass upon the question of petitioner's reformation, and in the finding of law held that petitioner took a vested legacy, and that the conditions attached were indefinite, uncertain, and void. It was also found that petitioner was entitled to his legacy, with interest at 6 per cent. from May 11, 1896, and costs, all to be paid out of the estate by the executors. The defendants have appealed. They claim:

1. That the legacy was not a vested one.

2. That, regardless of that question, the condition was a valid condition precedent.

3. That the claim is barred by the former adjudication in the probate court.

The intention of the testatrix, if it can be ascertained, must settle the construction to be placed on this bequest. The section, considered by itself, would, in our opinion, impress the average mind as not ambiguous, and would be interpreted to mean that if, at the expiration of two years from the demise of the testatrix, the executors should deem the petitioner a reformed man, they should pay him $500 from the estate; otherwise, not. Very few would understand from this language that, if not deemed to be

reformed, he should still receive the bequest at a later date, and that distant but a year.

"A conditional legacy is defined to be a bequest whose existence depends upon the happening or not happening of some uncertain event, by which it is either to take place or to be defeated. No precise form of words is necessary in order to create a condition in a will, but, whenever it clearly appears that it was the testator's intent to make a condition, that intent shall be carried into effect." 2 Williams, Ex'rs (7th Am. Ed.), 558, and cases cited.

We are satisfied that the intention of the testatrix was that her grandson should not have this money unless within two years after her death he should change his course of conduct, and she selected persons in whom she had confidence to determine the question at the proper time. It was left to their judgment, and the inference is that they knew the petitioner's faults. Unless at that time the executors should determine that he was a reformed man, the provision would be inoperative. It was unnecessary for her to make a record of petitioner's faults. It is a valid condition to require the reform of bad habits. *Dustan* v. *Dustan*, 1 Paige, 509; *Webster* v. *Morris*, 66 Wis. 366 (28 N. W. 353, 57 Am. Rep. 278). A condition which involves anything in the nature of consideration is, in general, a condition precedent. Theob. Wills, 263. In *Finlay* v. *King's Lessee*, 3 Pet. 346, Chief Justice Marshall said:

"It is certainly well settled that there are no technical appropriate words which always determine whether a devise be on a condition precedent or subsequent. The same words have been determined differently, and the question is always a question of intention. If the language of the particular clause or of the whole will shows that the act on which the estate depends must be performed before the estate can vest, the condition is, of course, precedent, and unless it be performed the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it,— if this is to be collected from the whole will,—the condition is subsequent."

It is in all cases a question of intention, and not of phrase or form. In support of this, see 4 Kent, Comm. 124; Flood, Wills, 283; 2 Redf. Wills, 283; 2 Washb. Real Prop. (5th Ed.) 7 (*446); *Nicoll* v. *Railroad Co.*, 12 N. Y. 121; *Barruso* v. *Madan*, 2 Johns. 145; *Robbins* v. *Gleason*, 47 Me. 259; *Burnett* v. *Strong*, 26 Miss. 116; *Ward* v. *Screw Co.*, 1 Cliff. 565 (Fed. Cas. No. 17,-157); *Creswell's Lessee* v. *Lawson*, 7 Gill & J. 240; *Hayden* v. *Inhabitants of Stoughton*, 5 Pick. 528; *Jackson* v. *Kip*, 8 N. J. Law, 241; *Bowman* v. *Long*, 23 Ga. 247.

The following have been held precedent conditions: If he lives three years, with limitation over if he dies within that time. *Buck* v. *Paine*, 75 Me. 582. If he attains the age of 21 years (*Jones* v. *Leeman*, 69 Me. 489; *Kelso* v. *Cuming*, 1 Redf. 392; *Bowman* v. *Long*, 23 Ga. 247), it being sufficient if he does so before testator's death (*Eisner* v. *Koehler*, 1 Dem. Sur. 277); or although 21, and has in the meantime learned a trade, and is of good moral character, to be determined by executor (*Webster* v. *Morris*, 66 Wis. 366 [28 N. W. 353, 57 Am. Rep. 278]); or "shall be desirous and capable of entering into business for himself" (*In re Davidson's Estate*, 17 Phila. 424); or if he withdraws from the Roman Catholic priesthood (*Barnum* v. *Mayor, etc., of Baltimore*, 62 Md. 275 [50 Am. Rep. 219]; *Kenyon* v. *See*, 94 N. Y. 563, 29 Hun, 212); or releases testator's note held by him (*Howard* v. *Wheatley*, 83 Tenn. 607); or survives testator (*Gibson* v. *Seymour*, 102 Ind. 485 [2 N. E. 305, 52 Am. Rep. 688]); or if he aid in the defense of a certain suit, to the satisfaction of the executor (*Cannon* v. *Apperson*, 82 Tenn. 553); or to A., for her support, "if she shall lose any part of her own property, and need more" for her support (*Ely* v. *Ely's Ex'rs*, 20 N. J. Eq. 43); or "when she should be sick and unable to support herself" (*Reynolds* v. *Denman*, 20 N. J. Eq. 218). So, a power to sell "if income be not sufficient for support." *Minot* v. *Prescott*, 14 Mass. 496. In 1 Rop. Leg. 562, it is said:

"A fifth instance of exception must be made out of the positive rule applicable to the vesting of legacies where the gift of the legacy and the time of payment are in terms distinct, when the period for payment is contingent, as upon the marriage or the taking of holy orders of the legatee; for in neither of those instances will the legacy vest before the happening of the contingency, as we have seen it would have done had the time of payment been certain. The distinction is founded upon the following reasoning: It must be inferred that where the time is certain, as when the legatee attains the age of twenty-one, the testator merely postponed the payment of the legacy in consideration of the legatee's unfitness to manage his affairs prior to that period; but, when the event annexed to the payment may or may not happen, it is to be presumed that the expectation of its taking place was the sole motive, and therefore of the essence of the bequest."

The provision under discussion was, in our opinion, intended as a condition precedent; and it should not be defeated by the failure to specifically provide for the disposition of the fund, or by an inaccurate use of the word "revert" in the third section of the will.

We think that the bequest did not constitute a vested interest, and that the condition is not any more uncertain than it would have been had the will required payment of the legacy provided the executors should at a given date deem petitioner worthy of it. The provision cannot be distinguished in principle from any other bequest depending upon the happening of an uncertain event.

It becomes unnecessary to decide the third question raised, though there is much force in the claim that this proceeding is barred by the former adjudication.

The order of the circuit court is reversed, and no new trial ordered.

The other Justices concurred.