SCOTT *v.* ROETHLISBERGER.

1. WILLS—LIFE ESTATE—ESTATES OF DECEDENTS.
   Where a will granted to the wife of testator a life estate,
   and at her decease, should she survive the testator, be-
   queathed the property to his several children, to a por-
   tion life estates and fractional shares to others, and
   where the wife died first, the intent of the instrument
   was to prefer part of the children over others, and the
   words "should she survive me" were not intended to
   create a condition precedent to the taking effect of the
   testament; decedent did not intend that he should be
   ·treated as intestate in such a contingency.

2. SAME—AMBIGUITY—EVIDENCE.
   Testimony is not admissible to explain the meaning of
   unambiguous language employed in a will.

3. SAME—CONDITIONS SUBSEQUENT OR PRECEDENT.
   There are no technical appropriate words which always
   determine whether a devise is upon a condition pre-
   cedent or subsequent, and the question is always a ques-
   tion of intention. If the language of the particular
   clause, or of the whole will, shows that the act on which
   the estate depends must be performed before the estate
   can vest, the condition is, of course, precedent; and, un-
   less it be performed, the devisee can take nothing. If,
   on the contrary, the act does not necessarily precede the
   vesting of the estate, but may accompany or follow it,
   if this is to be collected from the whole will, the con-
   dition is subsequent.

Appeal from Hillsdale; Chester, J. Submitted
January 9, 1914. (Docket No. 42.) Decided March
26, 1914.

Bill by Emma J. Scott against Fred A. Roethlis-
berger, as executor, and others, for the construction
of the will of Jonathan Stafford, deceased. From a

decree for defendants, complainant appeals. Affirmed.

*Lockerby & Bowen*, for complainant.

*Paul W. Chase*, for defendants.     .

BIRD, J. The bill of complaint in this case was filed to obtain a construction of the will of Jonathan Stafford, deceased. The chancellor who heard the case in the trial court has placed a construction thereon which so nearly accords with our conclusions that we adopt his opinion therein. It follows:

"Jonathan Stafford made his will February 17, 1909. His wife, Rachael Stafford, died March 5, 1909, and he died May 20, 1912. The first clause of his will provides for the payment of his just debts and funeral expenses. The second clause provides that his wife, Rachael Stafford, shall have the use of all his property during her life, and at her death all the expenses of her last sickness and burial shall be paid. The third clause provides:

"'At the death of my said wife, Rachael Stafford, should she survive me, I give, devise and bequeath all that then remains of my said estate, after paying the expense of last illness and funeral as above stated, to my five children, as follows:

"'(a) To Charlotte A. Beddow, daughter, one-fifth part thereof.

"'(b) To George M. Stafford, son, one-fifth part thereof.

"'(c) To P. Josephine Osgood, daughter, one-fifth part thereof.

"'(d) To Emma Jane Scott, daughter, life use only of one-fifth part thereof, remainder to be divided between Charlotte A. Beddow, P. Josephine Osgood, George M. Stafford and the children of Ida May Cronk, they to take one-fourth of Emma's estate. But if Emma leaves children, then the remainder to go to them.

"'(e) To Ida May Cronk, daughter, life use only, remainder to her children [naming them].'

"The bill is filed by the two children who, by the terms of this instrument, get only a life.estate if Jonathan Stafford died with a will disposition of his property.

"Complainants claim that the words *'should she survive me,'* in the third clause, create a condition precedent and that the property does not pass by the terms of this instrument, because Rachael did not survive him. The language of this instrument is not ambiguous; so extraneous evidence of what the language means cannot be considered. The only question is: Can the court, with reasonable certainty, determine from the whole instrument what the intention of the testator is?

" 'At the death of my said wife, *should she survive me,* I give, devise and bequeath' to my children, naming them in subdivision (*a*), (*b*), (*c*), and (*d*). Do the words *'should she survive me'* create a condition, and did the testator intend that if his wife died before he did, that his children (who are his only heirs) should not take under the will, and that he should die intestate? The beneficiaries under this clause are his only heirs, and the only persons who would take under the statutes of descent and distribution, and it is apparent that he wanted them, the natural objects of his bounty, after his wife was cared for, to have his property. It is also apparent that he did not intend that these complainants should have the same rights in and use of his property that his other children had. He intended to make a distinction between them, and he intended when he was gone that this will should express and carry out that intention. Has he defeated that intention by creating a condition in this will that destroys the very purpose of this instrument? I think not.

"Our court has in different cases quoted with approval from *Finlay* v. *King's Lessee,* 3 Pet. 346, the following language:

" 'It is certainly well settled * * * that there are no technical appropriate words which always determine whether a devise be on a condition precedent or subsequent. The same words have been determined differently; and the question is always a question of intention. If the language of the particular clause, or of the whole will, shows that the act on which the estate depends must be performed before the estate can vest, the condition is of course precedent; and unless it be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate,

but may accompany or follow it, if this is to be collected from the whole will, the condition is subsequent.'

"See *Markham* v. *Hufford,* 123 Mich. 508 (82 N. W. 222, 48 L. R. A. 580, 81 Am. St. Rep. 222) ; *De Conick* v. *De Conick,* 154 Mich. at page 191 (117 N. W. 570, 22 L. R. A. [N. S.] 417).

"In *Markham* v. *Hufford,* 123 Mich. at page 509 (82 N. W. 225, 48 L. R. A. 580, 81 Am. St. Rep. 222), the court says:

" 'It is in all cases a question of intention, and not of phrase or form.'

"In *Clark* v. *Mack,* 161 Mich. at page 549 (126 N. W. 633), our court says:

" 'When a will fairly construed is susceptible of two constructions, one of which would render it inoperative, and the other give effect to it, the duty of the court is to adopt the latter construction'

—and cites approvingly the following language from *Den ex dem. Micheau* v. *Crawford,* 8 N. J. Law, 97:

" 'It is only when a reasonable construction and the discovery of the intent of the testator are utterly hopeless, that all effect should be denied to a will.'

"Mr. Stafford's first desire, as expressed in this will, was to care for his wife, and his second desire was to divide what remained among his children, giving to some more than to others. And the distinction he makes between his children, and the fact that he gives all that remains, are important factors in persuading me that he did not intend to create a condition by the use of the words 'should she survive me.' Applying the rule that it is not 'phrase or form' of words, and also the principle enunciated in the *Finlay Case,* 'the same words have been determined differently,' also that it is a question of intention to be gleaned from the language of the whole will, we can well reach the conclusion that no condition was created here, and that testator did not die intestate.

"Counsel for complainants has earnestly urged, with much reasonableness, and not without some authority sustaining his contention, that the words 'should she survive me' create a conditional devise.

The principal case cited is *Gibson* v. *Seymour,* 102 Ind. 485 (2 N. E. 305, 52 Am. Rep. 688).

"In the case just cited the will was made by the wife. She was the second wife, and by this marriage they had no children. Her husband had a daughter by his former wife. In the will she gave a life estate to her husband, and then provided that, 'if my husband survive me, I desire at his death that all I may own * * * shall go to and become the property of my well beloved step-daughter, Harriet E. Gibson.' It was there held that this was a conditional devise, and that the wife died intestate. A rehearing was had, and a more extended opinion written, citing authorities containing the principles which that court found sustained the judgment rendered. That court seemed to attach some importance to the fact that the step-daughter was not an heir of the deceased. At page 489 of 102 Ind. (2 N. E. page 306, 52 Am. Rep. 688), the court says:

" 'Mrs. Gibson can only take as the will provides, and as the will makes the devise depend upon a contingency, she cannot take absolutely. *She can claim only under the will, for she is not an heir,* and can take only upon the condition expressly created by the will, and as that condition failed, so also did her claim as sole devisee.'

"Again, at page 492 of 102 Ind. (2 N. E. p. 308, 52 Am. Rep. 688), the court says:

" 'The presumption in such a case as this is in favor of the heirs, and where an estate is devised to a stranger upon a contingency, the contingency must happen, or the heirs will succeed to the estate of their ancestor. The general rule upon this subject is thus stated: "It is a well-known maxim, that an heir at law can only be disinherited by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed." 1 Jarman, Wills, 465, *Rupp* v. *Eberly,* 79 Pa. 141.'

"In the present case the testator wanted his estate to go to his heirs, but with limitations to certain ones of his children. This was his intention, as expressed in his will, and it was not his intention to create a conditional devise and die intestate should his wife not survive him.

"A decree may be entered in harmony with these findings."

The decree of the trial court is affirmed, with costs of the court to the defendants.

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, MOORE, and STEERE, JJ., concurred.