**WETTERLUND et al. v. HOLM.**

**No. 1041.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 28, 1934.

John S. Dean, of Topeka, Kan. (John S. Dean, Jr., and Mark L. Bennett, both of Topeka, Kan., on the brief), for appellant Topeka Mortgage & Investment Co.

Frank G. Drenning, of Topeka, Kan., for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

John Wetterlund of Topeka, Kansas, died testate September 5, 1929, and the main purpose of this suit is to obtain a construction of his will. It reads thus:

"Topeka, Kansas, April 23, 1928.

"I, John Wetterlund, of Topeka, Shawnee County, Kansas, hereby will and bequeath all of my real and personal property to my wife, Sophia Wetterlund, to have and to hold and use during her natural life. That upon my demise, if I have out lived Sophia Wetterlund, then my property shall be divided as follows:

"After all burial expenses are paid, three-fourths of my entire estate I will and bequeath to my daughter, Mrs. Esther Marie Holm, now residing at 4303 Walnut Street, Kansas City, Missouri, and the other one-fourth of my estate, to Clarence Wetterlund, my son, now residing at 300 Harrison Street, Topeka, Kansas."

It was subscribed by the testator and attending witnesses, and thereafter on the first day of February, 1930, was proved and admitted to probate.

Sophia Wetterlund died intestate on June 25, 1930. The daughter, Esther Marie, died intestate November 11, 1928, leaving as her sole surviving issue and only heir her son, the appellee. For present purposes the Kansas statute substitutes him instead of his mother, whether as heir or devisee.

The District Court held the devises to Esther Marie Holm and Clarence Wetterlund valid and in the proportions named. Appellants contend that those devises are void, being made on condition precedent that never occurred—testator did not outlive his wife.

The terms used by the testator are plain and simple and his intention is entirely clear from his own words. After bequeathing and devising to his wife a life estate in all of his property, his will continues, "That upon my demise, if I have out lived Sophia Wetterlund, then"—followed by the devises to his two children. This was clear-

ly devise upon condition precedent, and the condition never happened or took place. No more appropriate language could have been used to express such a contingency—"if I have out lived Sophia Wetterlund, then my property shall be divided as follows: * * * three-fourths of my entire estate I will and bequeath to my daughter. * * *" There is no room for construction or interpretation. The devise was not to take effect unless the contingency happened. Supporting authority is hardly needed. 2 Jarman on Wills (5th Am. Ed.) p. 524, says:

"So, where the condition is impossible in its creation, as, to go to Rome in a day; or, illegal, as to kill a man, * * * if the condition is precedent, the devise being of real estate, is itself void; if the condition is subsequent, the devise, whether of real or personal estate, is absolute."

In a footnote is this:

"An illegal condition precedent defeats the devise; an illegal condition subsequent is itself void, and the devise stands."

These are extreme illustrations of the invariable rule. The only property involved here is real estate, the former home of John Wetterlund and his wife Sophia. Chancellor Kent in his Commentaries, vol. 4, p. 125, says that a court of Chancery can not relieve from the consequences of a condition precedent unperformed. Chief Justice Marshall in Finlay v. King, 3 Pet. 346, 374, 7 L. Ed. 701, says:

"If the language of the particular clause, or of the whole will, show that the act on which the estate depends, must be performed before the estate can vest, the condition is, of course, precedent. * * *"

The devises to the daughter and son were on condition that testator would outlive his wife. It is no answer to say that a condition is unreasonable, impossible of performance or beyond control of human power. Schouler on Wills (Orig. Ed.) § 599, after noting that a court of equity might relieve from certain conditions subsequent, says:

"But to vest an interest in any one clear of its condition precedent, no matter how unjust or incapable of performance that condition may prove, is beyond the scope of its authority."

That no estate vested under the second clause of the will on the death of the testator see: Damon v. Damon, 8 Allen (Mass.) 192; Gibson v. Seymour, 102 Ind. 485, 2 N. E. 305, 52 Am. Rep. 688; Goff v. Pensenhafer, 190 Ill. 200, 60 N. E. 110; Conant v. Stone, 176 Mich. 654, 143 N. W. 39; Markham v. Hufford, 123 Mich. 505, 82 N. W. 222, 48 L. R. A. 580, 81 Am. St. Rep. 222; Shuman v. Heldman, 63 S. C. 474, 41 S. E. 510.

It follows that testator died intestate as to the fee in reversion, which under the Kansas statute passed by descent to his son and grandson, share and share alike. Later the son conveyed his undivided half to his mother, and she gave a mortgage on it to appellant mortgage and investment company. When the grandmother died the son and grandson each took by inheritance an undivided quarter of the whole subject to the mortgage lien.

Appellee, in addition to asking that the will be construed, prayed that the property be partitioned. He made Clarence Wetterlund and the mortgage and investment company parties defendant. He now moves that the appeal of defendants below be dismissed as having been taken prematurely, because the court had not ascertained whether the dwelling house and lot should be sold or partitioned in kind. That motion will be overruled.

Reversed and remanded with direction to vacate the decree below and enter decree in accord with the views above expressed.