## DUSTAN v. DUSTAN AND OTHERS, EXECUTORS, &c.

Where a testator directed his executor to pay one of his sons annually $200, and also one-fifth of his estate, in case of his reformation from vicious habits, it was held that the executors acted correctly in not paying over the one-fifth of the estate, until they were satisfied of the son's complete reformation.

And where the executors not being satisfied of such reformation, refused to pay over the one-fifth of the estate, they were allowed their costs of defending a suit commenced to compel such payment.

Where the suit had been pending some time, and the executors in their answer expressed a desire and willingness to pay over the money under the direction of the court, it was referred to a master to inquire and report whether a permanent reformation had taken place.

July 11th.

THE defendants being the executrix and executors of the will of the complainant's father, were required by the will to pay to the complainant annually $200, and also one-fifth of the testator's estate, in case the complainant should refrain from vicious habits, and conduct himself with sobriety and good morals. About two years after his father's death the complainant filed his bill against his mother and the other personal representatives of his father, insisting that he had reformed, and claiming the payment of his share of the estate. The defendants had refused to pay over to the complainant his one-fifth of the estate, not being satisfied of his complete reformation. The cause was submitted on the pleadings and proofs.

*P. V. Remsen*, for the complainant.

*W. P. Hawes*, for the defendants.

*THE CHANCELLOR :—It is admitted in this case that the complainant, at the death of his father, was irregular in his habits, and dissipated. It was undoubtedly the intention of the testator that he should not receive his share of the property until his mother and the other executors of the will were satisfied that he had permanently reformed. By their answer it appears they do not believe this is the case. The testimony which has been taken shows that he has conducted himself well, so far as the witnesses know, since his father's death. But only a very few witnesses have been examined to this fact, and the intention of the testator would be defeated if the complainant should receive this bequest before he is so far reformed as to render it very certain he will not return to his former vicious courses. The time which had elapsed between the death of the testator and the filing the bill in this cause was not sufficient to enable the executors to form any correct opinion as to the permanency of his good conduct. They were therefore right in refusing to place the whole property in his hands at that time. As some time has elapsed since the commencement of this suit, and there is ground to believe that the complainant may have commenced a course of good conduct with a *bona fide* intent to entitle himself to the bounty of his father by a permanent reformation, I shall not dismiss the bill in this cause, but shall direct a reference to Benjamin Clark, a master of this court, to ascertain and report whether there has been such a permanent reformation in the character and habits of the complainant as to entitle him to receive the whole amount bequeathed to him, at this time ; and on the coming in and conformation of the master's report, if it shall appear that such permanent reformation has taken place, that the executors be permitted to pay the whole sum to him, after deducting therefrom their costs of this suit to be taxed. And if the parties cannot agree upon the amount to which he is entitled. that there

1829.

The Attorney
General
v.
Bank of Co-
lumbia.

be a reference to a master to take an account and ascertain such amount. And if it shall appear by the report of the master on the first reference hereby directed that such permanent reformation has not taken place, then the complainant's bill is to be dismissed, with costs.