## In re JACKSON'S WILL.

(*Surrogate's Court, Orange County, Filed June 1, 1892.*)

1. LEGACY—UNCERTAINTY.

A legacy of $1,000 to Thaddeus J. Boyd provided he will in the future write his name T. Jackson Boyd, "but if he refuses so to do I only give him $500, and the balance, $500, to revert back to my residuary estate," is not void for uncertainty, but is valid, and is vested, subject to be defeated by a breach of the condition.

2. SAME—CLAUSE OF FORFEITURE.

A condition in a will that "Should any person or society be dissatisfied with any gift herein made, then, in that case, said gift shall be wholly withheld," is so broad and sweeping that it could not be enforced, for it could not be ascertained whether it has been violated, and a legatee who files objections to probate of the will, for insufficiency of execution, and also as to the validity of a number of its provisions, does not thereby forfeit his legacy.

3. SAME—BEQUEST FOR PIOUS AND CHARITABLE PURPOSES—UNCERTAINTY OF BENEFICIARIES.

A bequest of residuary real and personal estate to executors, "to be expended by them for benevolent and charitable purposes, as they, or the survivor of them, shall, in their or his good judgment, deem wise and best for the promotion of Christianity and the welfare of mankind in the world," is void, there being no certain designated beneficiary.

Probate of will of Theodore L. Jackson, deceased. Granted.

J. M. Wilkin, for executors; Greene & Bedell, for Theodore L. Boyd, contestant; G. O. Hulse, special guardian.

COLEMAN, S.—The contest in this matter has finally narrowed down to three questions: First, the validity of the legacy of Thaddeus J. Boyd; second, whether the opposition to the probate of the will, made by Theodore L. Boyd, invalidated the legacy given him by the will; third, as to the validity of the forty-ninth, or residuary, clause of the will.

With reference to the first of these questions, the language of

the will is: "I give and bequeath to Thaddeus J. Boyd the sum of one thousand dollars, provided he will write his name in all future time, T. Jackson Boyd; but if he refuses so to do, then I only give him five hundred dollars, and the balance, or $500, to revert back to my residuary estate." It is alleged that the gift is void for uncertainty; that the condition imposed by the testator is dependent upon the whim or caprice of the beneficiary, and cannot, therefore, be ascertained or judicially determined. It is my opinion, however, that the gift is valid, and is vested, subject to be defeated by a breach of the condition, which is a condition subsequent, and one which may be fully complied with. There was some evidence upon the hearing that the legatee has, so far, complied with this condition. The executors should ascertain, however, before paying over the legacy, that the legatee has met the requirements imposed by the testator. Dustan v. Dustan, 1 Paige, 509. In the event of a subsequent breach, the parties next entitled have their action to recover. Davies v. Lowndes, 2 Scott, 71; Taylor v. Mason, 3 Wheat. 325; Luscombe v. Yates, 5 Barn. & Ald. 544; Tilden v. Tilden, 13 Gray, 103.

And as to the second, the testator's will contains the following: "Should any person or society be dissatisfied with any gift herein made, then, in that case, said gift shall be wholly withheld." Theodore L. Boyd, who is given a legacy of $200, has filed objections to the probate of the will as a whole, for insufficiency of execution, and also as to the validity of a number of its provisions, particularly of the residuary clause, and a contested probate has been had by reason of such objections. The language of the will relating to this subject is so indefinite and uncertain that the testator's intention cannot, with any certainty, be ascertained. Apparently any dissatisfaction as to any gift therein made is sufficient to debar a legatee from taking a legacy. A condition so broad and sweeping, if intended, could not be enforced, for it could not be ascertained whether it has been violated. I am of opinion that the contestant has not

forfeited his legacy. Jackson v. Westerfield, 61 How. Pr. 399 (407), and cases cited.

Third. After making some forty-odd items in his will, the testator finally provides as follows: "All the rest, residue, and remainder of my property and estate, of every name and nature whatsoever, and wheresoever situate and placed, I give to my executors, to be expended by them for benevolent and charitable purposes, as they or the survivor of them shall, in their or his good judgment, deem wise and best for the promotion of Christianity and the welfare of mankind in the world." This is clearly void, there being no certain designated beneficiary, and as to such residue the testator died intestate. Tilden v. Green (N. Y. App.), 28 N. E. Rep. 880.

Will admitted to probate, except the residuary clause.